BROWN SADDLE CO. v. TROXEL (two cases).

(Circuit Court, N. D. Ohio, E. D. December 23, 1899.)

Nos. 5,860, 5,861.

PATENTS—SUIT FOR INFRINGEMENT—DEFENSES.
The fact that a corporation is a member of an illegal combination or trust constitutes no defense to a suit by such corporation for the infringement of a patent of which it is owner, and an averment of such fact in the answer in such suit is irrelevant and impertinent.

In Equity. On exceptions to answers.

Thurston & Bates, for complainant.
Kline, Carr, Tolles & Goff and Osgood & Davis, for defendant.

TAFT, Circuit Judge. These cases come before the court on exceptions to the answers of the defendant. The bills are filed to enjoin the infringement of two patents. As to one of the patents,

the averments of the bill show that the complainant obtained title by assignment of the legal title from the defendant. In the other case the bill makes such averments as to show that the defendant was part owner, in equity, of the title, at one time, and thence it passed to the complainant. The bill also avers that the defendant was a director of the corporation of Colorado from whom the title to the patents was assigned to the complainant, and was an active participant in that assignment. The exceptions are directed to parts of the answer which, in effect, set out that the defendant, though a director in the complainant corporation, has now no voice in its management, by reason of the combination of the majority interests to prevent his having a proper voice therein. The exceptions are further directed to an averment that the complainant is a constituent of a combination or trust, alleged to be in violation of the so-called federal anti-trust law, and void under common-law rules.

The exceptions must be sustained, and the matter objected to eliminated from the answer. The averments of the answer with reference to the defendant's connection with the corporation do not tend in any way to show that he did not, by his conduct as a stockholder and director in corporations through whom the title to the patents sued on passed, estop himself from denying the validity of the patent, or the title of the complainant thereto. I do not mean to say that his relation, as developed in the bill, necessarily estops him, but it is certain that the averments of the answer are impertinent and irrelevant upon that issue.

Secondly, the averment that the complainant is part of a combination or trust is irrelevant and impertinent, for the reason that it is no ground for denying relief for continued trespasses by a third person upon the property of the complainant. The fact that a corporation is part of an illegal combination or trust cannot justify the spoliation of the property which belongs to it by third persons. It is merely seeking by its bill to preserve its rights in its own property. What it may do with that property, or is doing with that property, cannot deprive it of its right to invoke the protection of the court against trespass and infringement. The exceptions are sustained.